UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOYCE DARNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02754-MPB-JMS |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
([Docket No. 42](#))

This personal injury matter arises from events occurring on May 10, 2015, at the Wal-Mart store 1665 located at 4801 W. Clara Lane, Muncie, Indiana. Plaintiff's, Ms. Darnell, heel was caught in a skid, which was in the aisle where she was shopping, resulting in a fall. ([Docket No. 45 at ECF p. 4](#)). Ms. Darnell sustained injuries. *Id.* Ms. Darnell filed a Complaint in state court, which was properly removed to this Court, alleging that the skid/pallet was placed in a negligent manner by a Wal-Mart employee in that Defendant did not have the area shut off from the public nor were signs posted indicating a danger. ([Docket No. 1-1 at ECF pp. 9-10](#)).

Wal-Mart now moves for Summary Judgment. ([Docket No. 42](#); [Docket No. 43](#); [Docket No. 44](#)). The motion is ripe. ([Docket No. 45](#); [Docket No. 46](#)). For the reasons herein, Wal-Mart's Motion for Summary Judgment is **GRANTED**.

## I. Factual Background

As Ms. Darnell is the non-moving party the facts will be reviewed in a light most favorable to her.

On May 10, 2015, Plaintiff was injured when she tripped and fell over a skid with bags of dog food on it at Wal-Mart store 1665, located in Muncie, Indiana. ([Docket No. 44-1 at ECF pp.](#)

5-6). The incident occurred late on a Friday night into Saturday morning (Docket No. 44-1 at ECF p. 2). Plaintiff had previously shopped at this store "a lot," including once or twice late in the evening. (Docket No. 44-1 at ECF pp. 3-4).

Plaintiff admits she saw the skids of dog food and Wal-Mart employees stocking merchandise from these skids as she approached. (Docket No. 44-1 at ECF pp. 5-6). She saw some flowers displayed at the end of an aisle and maneuvered her cart off to the side of the aisle near a skid so she could get a better look at the flowers. (Docket No. 44-1 at ECF p. 9-14). Plaintiff stepped back to look at the flowers, caught her foot on one of the skids, tripped, and fell over. (Docket No. 44-1 at ECF p. 6). Plaintiff admits she saw the very skid she backed into and tripped on prior to her fall. (Docket No. 44-1 at ECF p. 7).

## II. Legal Standard

Federal Rules of Civil Procedure 56 provides that summary judgment should be granted when the evidence establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotext Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 3548, 91 L.Ed. 265 (1986). The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.* at 255, 106 S. Ct. 2505. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* at 247, 106 S. Ct. 2505, nor the existence of "some metaphysical doubt as to the material facts," *id.* at 586, 106 S. Ct. 1348, will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). The

nonmovant may not simply rest on the pleadings but must affirmatively demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Payne v. Pauley*, 337 F.3d 767, 777 (7th Cir. 2003).

Darnell responded to the motion for summary judgment, but included no statement of material facts in dispute with her response, in violation of Southern District of Indiana Local Rule 56-1(b). In fact, Darnell indicates "[t]here is a the general agreement with the Defendant's statement of the events[.]" (Docket No. 45 at ECF p. 1). Darnell's bald assertion in her response to the motion for summary judgment that "[t]here is a genuine dispute of material fact to preclude summary judgment" is insufficient to raise a genuine issue of material fact. (Docket No. 45 at ECF p. 2); *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). Darnell's failure to properly oppose the motion for summary judgment with a statement of material facts in dispute supported by admissible evidence has a particular consequence, which is that she has admitted the truth of the defendant's statement of material facts for the purposes of the motion for summary judgment.[1] *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local results in an admission."). This does not alter the standard for assessing a Rule 56 motion, for the record must support summary judgment as a matter of law irrespective of

---

[1] Darnell's response in opposition includes an affidavit by Plaintiff. Affidavits "when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy." *Beckel v. Wal-Mart Associates, Inc.*, 301 F.3d 621, 623 (7th Cir. 2002). Plaintiff provides no "plausible explanation." Moreover, Plaintiff's affidavit does not contradict the evidence the Court relies on for its analysis herein.

whether the non-movant has met its burden, *see, e.g.*, *Van de Sonde v. Van de Sande*, 2008 WL 239150 (N.D. Ill. Jan. 29, 2008), but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

To prevail on a claim of negligence under Indiana law, Plaintiff must prove (1) Wal-Mart owed Plaintiff a duty, (2) Wal-Mart breached that duty, and (3) that breach was the proximate cause of Plaintiff's injury. *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005); *Dickison v. Hargitt*, 611 N.E.2d 691, 694 (Ind. Ct. App. 1993). In this case, Plaintiff's negligence claim is based upon premises liability. In a premises liability action, a land owner is liable for harm caused to an invitee by a condition on the land only if the landowner: (1) knows of or through the exercise of reasonable care would discover the condition and realize that it involves an unreasonable risk of harm to such invitee; (2) should expect that the invitee will fail to discover or fail to protect against it; and (3) fails to exercise reasonable care in protecting the invitee against the danger. *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990). "Conditions posing only a reasonable risk of harm do not trigger a landowner's duty to protect and cannot support a finding of premises liability against a landowner." *Pickens v. Wal-Mart Stores East, LP*, 2015 WL 4997064, *6 (N.D. Ind. Aug. 20, 2015). In cases of unreasonable risk, however, a landowner may still avoid liability for physical harm to an invitee caused "by any activity or condition on the land whose danger is known or obvious to [the invitee], unless the possessor should anticipate the harm despite such knowledge or obviousness." *Douglass*, 549 N.E.2d at 370.

Neither party disputes that Wal-Mart had a duty to protect Ms. Darnell as a business

invitee from known or obvious dangers that it should have expected her to discover or fail to protect herself against. Wal-Mart contends, however, Plaintiff's negligence claim cannot succeed because Wal-Mart did not breach its duty of care to Ms. Darnell. Specifically, Wal-Mart argues that the skid did not trigger a duty beyond ordinary care because it did not pose an unreasonable risk of harm to customers. In addition, Wal-Mart argues that, even if the skid posed an unreasonable risk of harm, no reasonable jury could conclude that Wal-Mart should have expected Ms. Darnell would fail to observe and avoid the skid over which she tripped. As a result, Wal-Mart concludes that it is entitled to summary judgment as a matter of law because Plaintiff cannot meet her burden to establish all the elements of negligence under Indiana law. The Court agrees.

With regards to duty, there is a lack of evidence upon which a rational jury could find liability. Ms. Darnell admits that she observed the skids before she tripped. When asked whether she had seen the specific skid on which she tripped, Darnell responded, "Yeah, I seen that one too." (Docket No. 44-1 at ECF p. 7). She further admitted that she forgot that the skid was there. *Id.* She testified that she pushed her shopping cart forward so that she could walk around to look at the flowers and the picture reaffirms that the cart was moved away from the flowers and the general area of the skid. (Docket No. 44-1 at ECF p. 9; Docket No. 44-1 at ECF p. 16).  Plaintiff alleges nothing out of the ordinary about the conditions of the skid or the area in which the skid was located that contributed to her fall and the undisputed facts do not support a finding that the skid in question constituted an unreasonable risk of harm to Plaintiff or that Wal-Mart should have expected its customers would not discover the danger, or would fail to protect themselves against it. If we assume the conditions were dangerous, the above evidence shows that Ms. Darnell discovered the dangerous condition of the skid and appreciated the

danger. The obviousness of the skid is graphically revealed in a photograph that Plaintiff agrees accurately represents the condition of the skid at the time of her fall. (Docket No. 44-1 at ECF pp. 15-16). The picture shows the stark contrast between the color of the skid, with the red dog food bags, and the white floor tiles surrounding the skid. In light of Ms. Darnell's admissions and the picture of the skid, there can be no serious argument that the skid was not a known and obvious danger. Moreover, there can be no serious argument, nor has Plaintiff posed any argument to the contrary, that Wal-Mart should have expected Ms. Darnell to fail to protect herself against the known and obvious danger posed by the exposed skid.

The facts here compare to those in *Pickens v. Wal-Mart*, where the plaintiff brought a premises liability action for injuries he sustained when his foot struck a display containing boxes of above-ground pools. 2015 WL 4997064, *1 (N.D. Ind. Aug. 20, 2015). It was not disputed that the plaintiff observed the display skid containing the boxes of above-ground pools or that plaintiff tripped over the corner of the display skid while he was looking at the price of the pools and walking to the main aisle of the store. *Id.* at *5. The court reasoned that plaintiff's admission that he observed the display and appreciated its danger, combined with the obviousness of the exposed corner of the skid seen in the photographs, demonstrated that the skid was a known and obvious danger and that, as such, Wal-Mart had no duty to protect the plaintiff from the skid as there was no evidence demonstrating that the skid created an unreasonable risk of harm. *Id.* at *7-9.

Similarly, in *Maurer v. Speedway LLC*, 774 F.3d 1132 (7th Cir. 2014), the plaintiff brought a premises liability action for personal injuries sustained when she fell outside a Speedway store while trying to maneuver around a retail display of windshield washer fluid on the sidewalk. The court noted that Maurer observed the display and chose to step around it and

walk down the narrowed length of the sidewalk which, in turn, caused her to step off the sidewalk curb and fall. *Id.* at 1134. Maurer admitted to seeing the retail display while walking on the sidewalk. *Id.* Therefore, the court reasoned that Maurer observed the display and understood the risks associated with traversing the narrowed walkway which was an "open and obvious condition." *Id.* at 1137. Ultimately, the court found that Speedway had no reason to anticipate that Maurer "would not discover the condition and protect herself against it just as every other customer apparently did, nor did Speedway fail to exercise reasonable care." *Id.*

In summary, considering the facts in the record in the light most favorable to Plaintiff, Ms. Darnell has failed to produce evidence that a genuine dispute of material fact exists as to whether the display posed an unreasonable risk of harm. Ms. Darnell knew the skid's placement and admits that she was aware of the skid but forgot about it in the one minute she was looking at the flowers. Additionally, the contrast between the skid and the floor, as shown by the picture, sufficiently warned Ms. Darnell of the danger in this situation. Without evidence sufficient for a reasonable jury to find that the exposed skid created an unreasonable risk of harm, the Court finds that Wal-Mart had no duty to protect Ms. Darnell from the exposed skid.

Because no genuine disputes of material fact exist and because the Plaintiff has failed to produce evidence upon which a reasonable jury could conclude that Wal-Mart breached a duty it owed to Ms. Darnell, the Court finds that Wal-Mart Stores, Inc. is entitled to judgment as a matter of law and **GRANTS** Plaintiff's motion. (Docket No. 42). The Clerk is **DIRECTED** to enter judgment for Wal-Mart Stores, Inc., on all claims.

   **SO ORDERED.**

Date: January 26, 2018

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.